Hardrop *v.* Gallagher.

---

## JOHN HARDROP *v.* DANIEL GALLAGHER.

An occupant of a house, damaged by blasting, may maintain an action for the injury to his possession, whether he is the owner or merely a tenant. (a)

Accordingly, in such an action, the title to real estate does not necessarily come in question, so as to oust a justice's court of jurisdiction.

Evidence that a party gave orders concerning, and superintended the blasting, is sufficient, *prima facie*, to sustain a judgment charging him with damages caused thereby, without proof respecting the contract or capacity under which he acted.

APPEAL by the defendant from a judgment of the Sixth District Court. The opinion gives the facts.

*William McDermott,* for the appellant.

*James C. Hayes,* for the respondent.

BY THE COURT. INGRAHAM, FIRST J.—The defendant appeals from the decision of the justice in refusing his motion to dismiss the complaint. The action was for damages done to the plaintiff's premises by blasting. The plaintiff's evidence established that the defendant was superintending the blasting from day to day, and was present after the injury

---

(a) See *Gourdier* v. *Cormack, ante,* p. 200; also, *S. C., ante,* p. 254, where the principal points involved in this case are considered.

on the day specially referred to; that the plaintiff was in possession of premises in the neighborhood which were in jured, and the extent of damage by the blasting.

There can be no doubt that the motion was properly denied. To hold the defendant liable, it is not necessary that he should be the contractor. If he had charge of the work, gave the orders, and superintended the men, he was responsible, whether contractor or otherwise. The true inquiry is not who the principal was, but who did the injury. The action is based on the negligence of the persons who do the work, and the men who are guilty, as well as those in whose employ they are at work, are liable for it.

There was no force in the objection that title to land came in question. The plaintiff was in possession of the premises, and whether as owner or as tenant was immaterial. He was disturbed in his possession, and for that he was entitled to recover.

Judgment affirmed.